1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  WILLIAM DAVID GLENN

11          Petitioner,              No.  2:11-cv-2032 MCE DAD P

12      vs.

13   FRANK X. CHAVEZ

14          Respondent.             FINDINGS & RECOMMENDATIONS

15  _____/

16          Petitioner, a state prisoner, proceeds pro se with a petition for a writ of habeas

17  corpus pursuant to 28 U.S.C. § 2254.  At issue is the sentence imposed for a judgment of

18  conviction entered against him on November 3, 2009 in the Yolo County Superior Court on

19  charges of battery with serious bodily injury and petty theft with a prior theft-related conviction.

20  Petitioner seeks federal habeas relief on the ground that he was unconstitutionally denied 58 days

21  of presentence conduct credits.  After careful consideration of the record and the applicable law,

22  the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

23          FACTUAL AND PROCEDURAL BACKGROUND

24          On July 23, 2009, the Yolo County District Attorney filed an Information

25  charging petitioner with second degree robbery (count 1), battery with serious bodily injury

26  /////

1

1  count 2), and assault by means of force likely to produce great bodily injury (count 3).[1]  CT at 2.

2  As to counts 1 and 3 it was alleged that petitioner inflicted great bodily injury in the commission

3  of those offenses.  Id.  On November 16, 2009, the district attorney filed an Amended

4  Information adding count 4, petty theft with a prior conviction.  Id. at 94.  Pursuant to a plea

5  agreement, on that same day petitioner entered no contest pleas to counts 2 and 4 in exchange for

6  dismissal of the remaining counts and enhancement allegations.  Id. at 94-95; 96-98.  The trial

7  court immediately sentenced petitioner, imposing an aggregate sentence of 4 years and 8 months

8  in state prison, comprised of a four year term on count 2 and a consecutive eight month term on

9  count 4.  Id. at 94-95; 100-01.  The court awarded 177 days credit for time served, comprised of

10  119 actual days plus 58 days of conduct credits pursuant to California Penal Code § 4019.  Id.

11         Subsequently, § 4019 was amended by the California Legislature, effective

12  January 25, 2010.  Thereafter, on or about July 27, 2010, petitioner filed an application in the

13  Yolo County Superior Court claiming that he was entitled to an additional 58 days of conduct

14  credits under § 4019 as amended.  Id. at 104-107.  On August 6, 2010, the trial court denied

15  petitioner's application for the award of additional conduct credits on the basis that the change in

16  state law upon which the application was based was not retroactive.  Id. at 108-109.  Petitioner

17  appealed from that denial to the California Court of Appeal for the Third Appellate District.

18         In an unpublished order issued on March 28, 2011, affirming the trial court's

19  denial of additional days of conduct credit,[2] the state appellate court held that petitioner was not

20  entitled to an additional 58 days of presentence conduct credits.  In so holding, that court

21  concluded that the dispositive issue was not the retroactivity of the amended § 4019, but rather

22  the fact that petitioner was not among the prisoners eligible for those additional credits under

23

24         [1] See Notice of Lodging Documents on September 25, 2012 (Dkt. No. 14), Resp't's Lod.
25  Doc. 1, Clerk's Transcript on Appeal (hereinafter CT).

26         [2] Resp't's Lod. Doc. 6, People v. Glenn, No. C065958, Order Affirming Denial of
   Additional Credits (Cal. Ct. App. 3rd Dist. March 28, 2011) (hereinafter Opinion).

1   state law.  Opinion at 2.  California Supreme Court denied a petition for review filed on behalf of

2   petitioner.[3]

3          Petitioner filed his federal petition on August 1, 2011.  The parties agree that

4   petitioner exhausted the equal protection claim presented here by fairly presenting it to the

5   highest state court.

6                                                ANALYSIS

7   I.  Standards of Review Applicable to Habeas Corpus Claims

8          An application for a writ of habeas corpus by a person in custody under a

9   judgment of a state court can be granted only for violations of the Constitution or laws of the

10  United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the

11  interpretation or application of state law.  See Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010);

12  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir.

13  2000).

14         Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal

15  habeas corpus relief:

16                 An application for a writ of habeas corpus on behalf of a
         person in custody pursuant to the judgment of a State court shall
17       not be granted with respect to any claim that was adjudicated on
         the merits in State court proceedings unless the adjudication of the
18       claim -

19                 (1) resulted in a decision that was contrary to, or involved
         an unreasonable application of, clearly established Federal law, as
20       determined by the Supreme Court of the United States; or

21                 (2) resulted in a decision that was based on an unreasonable
         determination of the facts in light of the evidence presented in the
22       State court proceeding.

23         For purposes of applying § 2254(d)(1), "clearly established federal law" consists

24  of holdings of the United States Supreme Court at the time of the state court decision.  Stanley v.

25  _____

26         [3] Resp't's Lod. Doc 8, People v. Glenn, No. S193111, Order Denying Petition for Review
    (Cal. June 22, 2011) .

                                                     3

1  Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

2  (2000)).  Nonetheless, "circuit court precedent may be persuasive in determining what law is

3  clearly established and whether a state court applied that law unreasonably."  Stanley, 633 F.3d at

4  859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

5          A state court decision is "contrary to" clearly established federal law if it applies a

6  rule contradicting a holding of the Supreme Court or reaches a result different from Supreme

7  Court precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640

8  (2003).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

9  grant the writ if the state court identifies the correct governing legal principle from the Supreme

10  Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[4]

11  Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360

12  F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ

13  simply because that court concludes in its independent judgment that the relevant state-court

14  decision applied clearly established federal law erroneously or incorrectly.  Rather, that

15  application must also be unreasonable."  Williams, 529 U.S. at 412.  See also Schriro v.

16  Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal

17  habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

18  the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

19  precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

20  the state court's decision."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting

21  Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

22  obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

23  ruling on the claim being presented in federal court was so lacking in justification that there was

24

25          [4] Under § 2254(d)(2), a state court decision based on a factual determination is not to be
   overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
26  presented in the state court proceeding."  Stanley, 633 F.3d at 859 (quoting Davis v. Woodford,
   384 F.3d 628, 638 (9th Cir. 2004)).

4

1  an error well understood and comprehended in existing law beyond any possibility for fairminded

2  disagreement."  Harrington, 131 S. Ct. at 786-87.

3        If the state court's decision does not meet the criteria set forth in § 2254(d), a

4  reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v.

5  Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

6  Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

7  of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

8  considering de novo the constitutional issues raised.").

9        The court looks to the last reasoned state court decision as the basis for the state

10  court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.

11  2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning

12  from a previous state court decision, this court may consider both decisions to ascertain the

13  reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

14  banc).  "When a federal claim has been presented to a state court and the state court has denied

15  relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

16  of any indication or state-law procedural principles to the contrary."  Harrington, 131 S. Ct. at

17  784-85.  This presumption may be overcome by a showing "there is reason to think some other

18  explanation for the state court's decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker,

19  501 U.S. 797, 803 (1991)).

20        Where the state court reaches a decision on the merits but provides no reasoning

21  to support its conclusion, a federal habeas court independently reviews the record to determine

22  whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v.

23  Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo

24  review of the constitutional issue, but rather, the only method by which we can determine

25  whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.

26  /////

1    Where no reasoned decision is available, the habeas petitioner still has the burden of "showing

2    there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784.

3           When it is clear, however, that a state court has not reached the merits of a

4    petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

5    federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v.

6    Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir.

7    2003).[5]

8    II.  Petitioner's Equal Protection Claim

9           In his petition pending before this court petitioner presents a single claim: that he

10   was denied an additional 58 days of presentence conduct credits under state law and under the

11   Equal Protection Clause as applied to the states under the Fourteenth Amendment.  For the

12   reasons explained below, petitioner's claim for relief should be rejected.

13          On the date of petitioner's sentencing, § 4019 of the California Penal Code

14   provided that a defendant would be awarded two days of conduct credits for every four actual

15   days of local custody served. See former Cal. Penal Code § 4019, as amended by Stats. 1982, c.

16   1234, p. 4553, § 7.  Subsequently, § 4019 was amended to allow certain eligible defendants

17   (those who were neither required to register as sex offenders, nor were committed for serious

18   felonies, nor had been convicted of serious or violent felonies) to earn two days of conduct credit

19   for every two days of actual custody.  See Cal. Penal Code § 4019, as amended by Stats. 2009-

20   2010, 34d Ex. Sess., c. 28 (S.B. 18) § 50, effective January 25, 2010.  On September 28, 2010,

21   § 4019 was amended yet again, this time deleting the restrictions of its application with respect to

22   sex offenders and those committed for serious felonies or with prior convictions for serious or

23   violent felonies, but reducing conduct credit accumulation back to two days for every four actual

24

25          [5]  The United States Supreme Court has recently granted certiorari in a case apparently to

26   consider this issue.  See Williams v. Cavazos, 646 F.3d 626, 639-41 (9th Cir. 2011), cert. granted
in part, 132 S. Ct. 1088 (2012).

1    days served.  See former Cal. Penal Code § 4019, as amended by Stats. 2010, c. 426 (S.B. 76), §

2    2, effective September 28, 2010.

3              In the last reasoned state court decision applicable to petitioner's claim for federal

4    habeas relief, the California Court of Appeal held that petitioner was not entitled to the increased

5    rate of conduct credit accumulation which was in effect from January 25, 2010 until September

6    28, 2010, finding as follows:

7              Defendant's argument and the People's response focus on the
         alleged retroactivity of section 4019.  The dispositive issue,
8         however, is whether defendant is an eligible prisoner entitled to
         these credits.  Finding he is not, we affirm the trial court's order
9         denying him these credits.

10             "Eligible prisoners are those who were neither required to register
         as sex offenders, nor were committed for serious felonies (§
11        1192.7), nor had been convicted of serious or violent felonies (§
         667.5).  (Former § 4019, subds. (b)(2), (c)(2).)" (In re Kemp,
12        supra, 192 Cal. App.4th at p. 256, fn. omitted.)  Only if a
         defendant is found to be an eligible prisoner may he be entitled to
13        the increased credits under section 4019.

14             Here, defendant pled no contest to battery with serious bodily
         injury (§ 243, subd. (d)) and petty theft with a prior theft
15        conviction.  The factual basis for his battery plea was the
         preliminary hearing.  According to the testimony at the hearing,
16        defendant "knocked out" the victim and then "repeatedly kicked
         him in the head."  As a result, [the victim] had to have 30 stitches
17        "to put [his] gum back together to [his] jawbone" and lost one
         tooth and a "bunch of fillings."

18
         This conduct qualifies as a serious felony within the meaning of
19        section 1192.7.  A serious felony includes "any felony in which the
         defendant personally inflicts great bodily injury on any person,
20        other than an accomplice."  (§ 1192.7, subd. (c)(8).)  "[T]he
         element of 'serious bodily injury,' as required for felony battery, is
21        essentially equivalent to or synonymous with 'great bodily injury'
         for the purpose of a 'serious felony' ... pursuant to Penal Code
22        section [ ] ... 1192.7, subdivision (c)(8)."  (People v. Moore (1992)
         10 Cal. App.4th 1868, 1871.)  We properly go behind the
23        minimum elements of the offense and consider the entire record of
         the conviction to determine whether an offense is a serious felony
24        within the meaning of section 1191.7.  (Moore, at p.1871.)  Here,
         the record of conviction we have just recounted demonstrates that
25        defendant personally inflicted great bodily injury on the victim.  He
         is therefore not an eligible prisoner entitled to the additional
26        credits.

7

1   Opinion at 2-3 (footnote omitted).

2        The state court's determination that petitioner was ineligible for day-for-day

3   conduct credits under the amended version of California Penal Code § 4019 that was in effect

4   from January 25, 2010 until September 28, 2010 is binding on this court.  See Bradshaw v.

5   Richey, 546 U.S. 75, 76 (2005) ("[A] state court's interpretation of state law, including one

6   announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas

7   corpus."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal

8   habeas court to reexamine state-court determinations on state-law questions.").[6]

9        In addition, petitioner has failed to allege a cognizable claim that his right to equal

10   protection under the law was violated by the denial of the conduct credits he seeks.  The Equal

11   Protection Clause requires, generally, that similarly situated defendants be treated similarly.  See

12   City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  Equal protection

13   is violated by intentional discrimination against a person based on his or her membership in a

14   protected class (Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or by intentional

15   treatment of a member of an identifiable class differently from other similarly situated

16   individuals without a rational basis for the difference in treatment (i.e., a rational relationship to a

17   legitimate state purpose) (Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).  A state

18   is not, however, precluded from placing defendants in different classifications so long as the

19   disparate classifications have a rational basis and are not based on traditional suspect classes:

20        The Constitution does not require things which are different in fact
        ... to be treated in law as though they were the same.  Tigner v.

21        Texas, 310 U.S. 141, 147, 60 S. Ct. 879, 882, 84 L.Ed.1124.
        Hence, legislation may impose special burdens upon defined

22

---

23       [6] Moreover, and in any event, the California Supreme Court has since held that former

24   § 4019, in effect from January 25, 2010 until September 28, 2010, "is properly interpreted as
operating prospectively."  People v. Brown III, 54 Cal.4th 314, 323 (2012).  Thus, the

25   amendment petitioner seeks to take advantage of would not apply retroactively to him even if he
were within the class of prisoners who stood to benefit from the enhanced conduct credit accrual

26   under state law during that time period.  See Id.; see also People v. Ellis, 207 Cal. App. 4th 1546,
1550-53 (2012).

1
2
3

> classes in order to achieve permissible ends.  But the Equal
> Protection Clause does require that, in defining a class subject to
> legislation, the distinctions that are drawn have some relevance to
> the purpose for which the classification is made.  Baxstrom v.
> Herold, 383 U.S. 107, 111, 86 S. Ct. 760, 15 L.ED.2d 620[.]

4  Estelle v. Dorrough, 420 U.S. 534, 538-39 (1975) (internal quotations and string citation

5  omitted); see also Heller v. Doe by Doe, 509 U.S. 312, 319 ("a classification neither involving

6  fundamental rights nor proceeding along suspect lines is accorded a strong presumption of

7  validity").

8          Here, no protected class is implicated by petitioner's claim that the former version

9  of § 4019 should have applied in his case.  Petitioner, who stands convicted of battery with

10  serious bodily injury, is not similarly situated to "eligible prisoners . . . who were neither required

11  to register as sex offenders, nor . . . had been convicted of serious or violent felonies," which was

12  the classification of convicted persons who stood to accumulate presentence conduct credits at

13  the increased rate under former § 4019.  See Brown III, 54 Cal.4th at 319 n. 5 (explaining the

14  scope of former § 4019, in effect from January 25, 2010 until September 28, 2010).

15          At issue is merely the California Legislature's classification of certain non-violent

16  felons as deserving of accumulating conduct credits more quickly than those who committed

17  offenses designated as violent or serious felonies under state law, in order to alleviate prison

18  overcrowding.  See Opinion at 1 ("Responding to a fiscal emergency in our state, these

19  amendments identify a class of prisoners [eligible prisoners] deemed safe for early release and, to

20  that end, increase [ ] the rate at which these prisoners earn conduct credits." (internal citation and

21  quotation omitted)).  The California Legislature's determination that serious or violent felons

22  should be treated differently than non-violent felons for purposes of accumulating conduct credits

23  and thus alleviating prison overcrowding bears a rational relationship to a legitimate state

24  purpose.  See e.g., Rinaldi v. Yeager, 384 U.S. 305, 309-10 (1966) (promotion of the public

25  welfare, health, or safety is a legitimate state purpose); see also Brown III, 54 Cal 4th at 328-330

26  /////

9

1  (concluding that the Equal Protection Clause did not require former § 4019 to be applied
2  retroactively).

3          Accordingly, petitioner is not entitled to federal habeas relief with respect to his
4  claim that his equal protection rights were violated when he was awarded the presentence
5  conduct credits authorized under state law at the time of his sentencing.

6                                   CONCLUSION

7          For the reasons set forth above, IT IS HEREBY RECOMMENDED that
8  petitioner's application for a writ of habeas corpus be DENIED.

9          These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
11 days after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 shall be served and filed within fourteen days after service of the objections.  Failure to file
15 objections within the specified time may waive the right to appeal the District Court's order.
16 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
17 1991).  In his objections petitioner may address whether a certificate of appealability should issue
18 in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules
19 Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability
20 when it enters a final order adverse to the applicant).
21 DATED: October 3, 2012.

22

23                                   _____
24                                   DALE A. DROZD
                                     UNITED STATES MAGISTRATE JUDGE
25 DAD:11
   glenn2032.157.F&R2
26

                                         10